```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ERIC KEITH GIVENS,

                    Plaintiff,                      09-CV-0364

v.                                                  DECISION
                                                    and ORDER

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

                    Defendant.
_____
```

## INTRODUCTION

Plaintiff Eric Keith Givens ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Supplemental Security Income ("SSI"). Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") James E. Dombeck, denying his application for benefits was against the weight of substantial evidence contained in the record and contrary to applicable legal standards.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)"), on grounds that the ALJ's decision was supported by substantial evidence. Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the

pleadings, on grounds that the Commissioner's decision was erroneous. This Court finds that the decision of the Commissioner, for the reasons set forth below, is supported by substantial evidence, and is in accordance with applicable law and therefore the Commissioner's motion for judgment on the pleadings is hereby granted.

**BACKGROUND**

On May 27, 2005, Plaintiff, at the time a 39 year-old man who mopped floors at a PriceRite a few days a week, filed an application for Supplemental Security Income Benefits under Title XVI of the Act claiming a disability onset date of January 16, 2003. However, because Plaintiff waited two years before filing his disability claim, he can only be awarded benefits as of June 2005, a month after the month he applied for SSI. (R. 11)[1]. See 20 C.F.R. §416.335. Plaintiff's application to the Commissioner was denied and he then moved for a hearing which was held before ALJ Dombeck, on March 26, 2008. (R. 11). In a decision dated June 20, 2008, the ALJ determined that the Plaintiff was not disabled. The ALJ's decision became final when the Social Security Appeals Council affirmed the decision of the ALJ on August 19, 2008. On April 17, 2009, Plaintiff filed this action pursuant to § 405(g) of the Act for review of the final decision of the Commissioner.

---

[1] Citations to "R." refer to the Record of the Administrative Proceedings

# DISCUSSION

## I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Disability Insurance Benefits and Supplemental Security Income. Additionally, the section directs that when considering such claims, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings are supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D.Tex.1983) (citation omitted). Defendant asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988).

II. **The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence within the record and is proper as a matter of law**

The ALJ in his decision, found that Plaintiff was not disabled within his insured coverage period, ending on December 31, 2000 pursuant to the relevant portions of the Social Security Act. A disability is defined within 42 U.S.C. § 423(d) to be the:

> *"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months."* 42 U.S.C. § 423(d) (1991).

In determining the threshold question of Plaintiff's disability, the ALJ adhered to the Administration's 5-step sequential analysis for evaluating assignments of disability benefits.[2] See 20 C.F.R. § 404.1520. Having gone through the

---

[2] Pursuant to the five-step analysis set forth in the regulations, the ALJ, when necessary will: (1) consider whether the claimant is currently engaged in substantial gainful activity; (2) consider whether the claimant has any severe impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities; (3) determine, based solely on medical evidence, whether the claimant has any impairment or impairments listed in Appendix 1 of the Social Security Regulations; (4) determine whether or not the claimant maintains the residual functional capacity ("RFC") to perform his past work; and (5) determine whether the claimant can perform other work. See id.

evaluation process, the ALJ found (1) Plaintiff was not currently engaged in substantial gainful activity, and has not since his application date of May 27, 2005; (2) Plaintiff had suffered from the following "severe impairments": neck and low back pain, ulcers, asthma, dermatitis, and a history of substance abuse; (Plaintiff's impairments did not meet or equal those listed within 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 416.920(d)); (4) Plaintiff was not able to return to his past relevant work; (5) Considering Plaintiff's residual functional capacity, as well as other qualifications such as age, education, and work experience, there exists other jobs within the national economy that Plaintiff can perform. (R. 11-16).

### A. The medical and non-medical evidence within the record supports the ALJ's decision of not disabled

The ALJ properly determined that the Plaintiff was not a disabled person based on the substantial medical evidence within the record. (R. 16).

The record reveals that Plaintiff was seen on June 20, 2005 by a State Agency Medical Consultant, Dr. Richard Powell. (R. 363-371). During this appointment, Plaintiff claims of having a pain level of 10 out of 10 off medications, and a pain level of 8 out of 10 while on medications. (R. 363). At the conclusion of the appointment, Dr. Powell opined that Plaintiff was qualified to complete a range of light to medium work. (R. 367).

On June 29, 2005, Plaintiff was seen by another State Agency Analyst stating that Plaintiff is capable of lifting 50 pounds occasionally, and 25 pounds frequently in the course of his work. (R. 353-362). The analyst opined that Plaintiff is able to stand and walk about six hours a day, and sit for about six hours a day. (R. 356). At the conclusion of this appointment, the analyst concluded that the only limitation Plaintiff had was in regard to heavy work. Id. (The name of the Analyst is illegible).

A State Agency Physician, Dr. Hamsaveni Kamram, examined Plaintiff on September 12, 2005. (R. 372-379). The doctor concluded, based on an assessment of Plaintiff's residual functional capacity that he is able to perform medium work, and that Plaintiff had no symptoms at the present time of evaluation. (R. 373).

While still residing in Florida, the Tampa Community Health Center ("TCHC") had treated Plaintiff on July 21, 2005 when he complained of tenderness in his lower back. (R. 381-388). X-rays and an MRI were completed on Plaintiff's lower back, and the tests indicated no abnormalities. On a four-week follow-up visit, the TCHC stated that Plaintiff was well and was not in any distress. (R. 381).

Plaintiff had moved to Rochester in August of 2006, and had a number of visits to Rochester General Hospital ("RGH"). (R. 412-427). On September 26, 2006 Plaintiff complained of lower back

pain, and was prescribed some medications to deal with the pain. (R. 425). On December 26, 2006 Plaintiff went to RGH once again for his back pain where he was referred to an orthopedist. (R. 421). Plaintiff then missed two follow-up appointments on January 30, 2007 and March 12, 2007. (R. 419-420).

Plaintiff was treated at RGH again on March 23, 2007 for complaints of severe heart burn and lower back pain, he was again referred to an orthopedist. (R. 417-418). Plaintiff again missed a handful of appointments on April 3 and 11 and May 1 and 29 of 2007. (R. 414-416). On October 29, 2007 Plaintiff again went to RGH complaining of back and neck pain and stating he was taking Tylenol for the impairment but that it was not helping with the pain. (R. 412-413).

Plaintiff was seen by DePaul Addiction Services on November 28, 2007 for a substance abuse evaluation on the recommendation of the Department of Social Services and the history of Plaintiff's drug abuse. (R. 393-403). During this evaluation, Plaintiff stated he no longer has a problem with drugs or alcohol and that he has not taken any medications within the last six to seven months. (R. 390-394). The examiner opined that Plaintiff was an alcohol and marijuana dependent and was suggested he attend non-intensive out patient treatment. (R. 397).

Plaintiff stated within the administrative proceeding that his treating doctor was Dr. Subedi whom is within Outpatient Services

at Rochester General Hospital. (R. 412-427, 437). However, Dr. Subedi did not opine as to Plaintiff's disability status even though he was given the opportunity to do so when the ALJ asked the doctor to furnish Plaintiff's medical records. (R. 411). Because Plaintiff's doctor did not opine as to his impairments and their limitations when given the opportunity, the ALJ was correct in relying on the consultive physician's findings.

It is well established within the Second Circuit that a consultive physician's opinion may serve as substantial evidence in support of an ALJ's finding in determining a claim of disability. Mongeur v. Heckler, 722 F.2d 1033, 1039 (2d Cir. 1983). Because the ALJ considered all of the doctors opinions in relation to Plaintiff's claims of disability, and none of the opinions were contradicted by each other, the ALJ's reliance upon the many doctor's findings was appropriate.

### B. The ALJ properly assessed Plaintiff's credibility

Examination of the record revealed that the ALJ had properly evaluated Plaintiff's credibility and followed the criteria articulated within SSR 96-7p.

The ALJ correctly held that because Plaintiff's allegations in relation to his disability were inconsistent with the record as a whole, he could not be found to be credible. (R. 15). Plaintiff also stated within the Administrative proceeding that he had openly

lied on his work applications so his employers would not know about his impairments. (R. 448). The fact, that Plaintiff openly lied to his potential employers, did little to support his credibility.

In an evaluation completed when Plaintiff was still located in Florida, the evaluating doctor concurred with a past functional capacities assessment, that Plaintiff had a tendency of symptom magnification. (R. 218, 356). In considering the substantial evidence within the record, it is evident that Plaintiff's complaints are inconsistent with the objective medical findings, thus questioning his credibility.

In addition, because Plaintiff's subjective complaints did not have medical evidentiary support, I also find that the ALJ was correct in not assessing any weight to Plaintiff's subjective complaints. Both the medical records and the doctor's opinions support the ALJ's decision that Plaintiff's impairments do not reach the severity level of disability under the Act that would qualify the Plaintiff for SSI.

### C. Substantial evidence within the record supports the ALJ's decision that Plaintiff retained the RFC to perform light to medium levels of unskilled work within the economy and was not disabled with the meaning of the Act

The ALJ found that Plaintiff had retained the functional capacity to complete medium work. (R. 14-15). The Commissioner's regulations state that medium work includes: "lifting no more than fifty pounds at a time with frequent lifting or carrying objects

weighing up to twenty five pounds and standing for approximately six hours out of an eight hour day." 20 C.F.R. §§ 404.1567 and 416.967.

When determining Plaintiff's disability status, the ALJ took into consideration the opinions of the reviewing physicians and the residual functional capacity ("RFC") assessment of the Sate Agency Physician, Dr. Kamram. (R. 15). All of the evaluating doctors reached the same opinion that Plaintiff retained the ability to complete light to medium levels of work. (R. 356, 367, 372). Therefore, the ALJ was not required to use a vocational expert to determine what work Plaintiff may perform. The ALJ was correct in establishing Plaintiff's future job possibilities by relying upon the Medical-Vocational Guidelines ("Guidelines"). It has been held within this circuit that "because th[e] finding of the ALJ was supported by substantial evidence, there was no need under existing case law to call a vocational expert." Light v. Astrue, 2009 WL 2191211 (2009).

In using the Guidelines to determine whether Plaintiff could make a successful adjustment to other work in the national economy, the ALJ correctly considered the Plaintiff's age, education, work experience, and RFC for medium work which corresponded with Medical Vocational Rule 203.25, 20 C.F.R. Part 404, Subpart P, App. 2.

Accordingly, I find that the ALJ's decision that Plaintiff was not qualified to receive Supplemental Security Income is supported by substantial evidence in the record.

## CONCLUSION

For the reasons set forth above, I grant the Commissioners motion for judgment on the pleadings. Plaintiff's complaint is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                       s/Michael A. Telesca
                                          MICHAEL A. TELESCA
                                     United States District Judge

Dated:    Rochester, New York
            July 20, 2010